UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRY KLOPFENSTEIN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1:07CV47 CDP |
| | ) |
| P & C CREATIVE INVESTMENTS, | ) |
| LLC et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs Terry and Jill Klopfenstein bought real estate from defendants P & C Creative Investments LLC, whose individual members are defendants James and Lula Clifford and Mark and Tammy Pierce. Defendant Farmers National Title Insurance Company provided the title insurance for the deal.

The parties originally had an agreement for the sale of 653 acres. A dispute arose regarding whether a 13-acre parcel was included in the agreement. After the parties supposedly resolved that dispute, they closed on the sale. The legal description contained in the warranty deed incorrectly included an additional 388-acre tract of land, so the final deed was for 1041 acres. The discrepancy was not discovered for several months. When it was discovered, P & C asked the Klopfensteins to reconvey back to them the 388 acres. The Klopfensteins

demanded that Farmers National "defend" the claim, which Farmer's National declined to do.

The Klopfensteins then brought this suit, claiming a variety of wrongs, including violations of the Missouri Merchandising Practices Act (MMPA), §§407.010 *et seq.*, Mo. Rev. Stat. The P & C defendants answered the complaint, filed a counterclaim seeking reformation of the deed, and filed a cross-claim against Farmers National, alleging that if the Klopfensteins had suffered any damage, Farmers National was the responsible party. The Klopfensteins moved to dismiss the counterclaim for failure to state a claim and alternatively moved for a more definite statement. Farmers National moved to dismiss the count against it, relying on the MMPA's explicit statement that it does not apply to companies "under the direction and supervision of the director of the department of insurance." § 407.020, Mo. Rev. Stat.

I will deny plaintiffs' motions directed to the P & C defendants' counterclaim because that counterclaim meets all pleading requirements of the Federal Rules of Civil Procedure. It states a claim and is actually understandable, unlike plaintiffs' complaint.

I will deny Farmers National Title's motion to dismiss plaintiffs' complaint. First, I cannot tell whether plaintiffs' claim against Farmers may be covered by

some kind of exception to the insurance exclusion in the MMPA. Second, although the complaint is extremely confusing, I believe that buried in there somewhere may be a valid common-law claim of some sort.

I will order plaintiffs to replead their claim against Farmers National to meet the "short and plain statement" requirement of Rule 8(a), Fed. R. Civ. P., and to state each legal theory clearly and in a separate count, in the hopes that doing so might "facilitate the clear presentation" of the claims as contemplated by Rule 10(b), Fed. R. Civ. P. Farmers National should not have to speculate about what claims are actually brought against it, and plaintiffs should not be allowed to argue in their briefs that they have brought claims that are difficult, if not impossible, to discern from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Farmers National Title Insurance Company's motion to dismiss [#7] is denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion to dismiss counterclaims [#16] and their motion for more definite statement [#17] are denied.

**IT IS FURTHER ORDERED** that plaintiffs shall file an amended complaint restating their claims against defendant Farmer's National Title Insurance Company no later than **September 13, 2007**. The amended complaint

shall include a short and plain statement of the claim showing that plaintiffs are entitled to relief, and shall plead each separate legal theory in separate counts. The title of each count should state the legal theory and each count should include a separate prayer seeking relief that is legally available under that particular legal theory. The amended complaint may cite to statutes where the claim is based on them, of course, but it may not include lengthy quotations from statutes or rules, nor may it include footnotes with case citations, as those things are not appropriate in a federal complaint.

I will set this case for a Rule 16 scheduling conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2007.